UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AMAR BAKSHI, | |
| Petitioner, | Case No. C19-0540-MJP-MAT |
| v. | REPORT AND RECOMMENDATION |
| WILLIAM BARR, et al., | |
| Respondents. | |

This is a 28 U.S.C. § 2241 immigration habeas action. Currently before the Court is the Government's motion to dismiss. Having considered the parties' submissions, the balance of the record, and the governing law, the Court recommends that the motion to dismiss be GRANTED, petitioner's habeas petition be DENIED, and this action be DISMISSED with prejudice.

Petitioner is a native and citizen of India who is subject to a final order of removal from 2011. (*See* Dkts. 10-2, 10-3, 10-5, 10-6, 10-7.) He has been in immigration detention since February 1, 2018. (*See* Dkts. 10-10, 10-11, 10-12, 10-13.) Proceeding through counsel, he initiated this action to obtain release, arguing that his detention has become indefinite within the meaning of *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001). (*See* Dkt. 1.)

In *Zadvydas*, the Supreme Court held that a noncitizen who is subject to a final order of

REPORT AND RECOMMENDATION - 1

removal may be detained only for a period reasonably necessary to bring about his or her removal and may not be held "indefinitely." 533 U.S. 678, 701 (2001). The Supreme Court determined that it is "presumptively reasonable" for the U.S. Department of Homeland Security to detain a noncitizen for six months following entry of a final removal order while it works to remove the individual from the United States. *Id.* "After this 6-month period, once the [noncitizen] provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.* If the Government fails to rebut the noncitizen's showing, the noncitizen is entitled to habeas relief. *Id.*

In its motion to dismiss, the Government asserts that petitioner's detention is not indefinite because U.S. Immigration and Customs Enforcement ("ICE") has been working diligently towards obtaining a travel document from the Indian Consulate despite petitioner's refusal to cooperate with the process for the first eight months of his detention. (Dkt. 8; *see also* Dkts. 10-14, 10-18, 10-19; Dkt. 9 at ¶¶ 14-15, 17-18, 20-21, 23-25, 28-38, 40-45.) The Government subsequently filed a supplemental declaration from Deportation Officer Bradley Kam, who stated that on May 23, 2019, the Indian Vice Consul assured ICE "that the Indian Government has verified Mr. Bakshi's nationality and will issue a travel document to him and allow him to return to his native country of India." (Dkt. 12 at ¶ 4.)

Petitioner's response brief failed to take into account Officer Kam's supplemental declaration, a fact the Government pointed out in its reply. (*See* Dkts. 13, 14.) The Government also submitted evidence that ICE has requested that the Indian Consulate expedite processing of the request for petitioner's travel document. (Dkt. 15 at ¶ 9.)

Petitioner's counsel subsequently a surreply, acknowledging and apologizing for

REPORT AND RECOMMENDATION - 2

overlooking Officer Kam's supplemental declaration. (Dkt. 16 at 1.) Counsel stated, "[I]n light of the government's assurances that Mr. Bakshi will be expeditiously removed, counsel agrees that the Court should recommend dismissal of the petition." (*Id.* at 2.) Counsel went on, "If the government's representations turn out to be inaccurate—and counsel of course has no reason to doubt the AUSA's good faith—the parties can discuss those before the District Court." (*Id.*)

Based on the factual record before the Court, which establishes that the Indian Consulate is likely to issue a travel document for petitioner in the near future, and petitioner's concession that this matter should be dismissed, the Court recommends that the Government's motion to dismiss (Dkt. 8) be GRANTED, petitioner's habeas petition be DENIED, and this action be DISMISSED with prejudice. A proposed order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **twenty-one (21) days** of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14)** days after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **August 9, 2019**.

Dated this 12th day of July, 2019.

*[signature]*
Mary Alice Theiler
United States Magistrate Judge

REPORT AND RECOMMENDATION - 3