UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AMAR BAKSHI, | CASE NO. C19-540 MJP |
| Petitioner, | ORDER ADOPTING REPORT AND RECOMMENDATION |
| v. | |
| WILLIAM BARR, et al., | |
| Respondents. | |

THIS MATTER comes before the Court upon Petitioner's Objections (Dkt. No. 18) to the Report and Recommendation of the Honorable Mary Alice Theiler, United States Magistrate Judge. (Dkt. No. 17.) Having reviewed the Report and Recommendation, the Objections, the Response (Dkt. No. 19) and all related papers, the Court ADOPTS the Report and Recommendation and DISMISSES this action with prejudice.

Petitioner Amar Bakshi, was held in the custody of United States Immigration and Customs Enforcement ("ICE") from February 1, 2018 through August 5, 2019 when he was removed to his home country of India. (Dkt. No. 1, 6; Dkt. No. 20, Declaration of Kyle A. Forsyth, Ex. A (Warrant of Removal).) Based on the Government's avowal on May 28, 2019

that Petitioner's nationality had been verified and deportation was imminent, Petitioner conceded that Magistrate Judge Theiler should recommend dismissal of his petition. (Dkt. Nos. 8, 12, 16.) But on August 2, 2019, Petitioner submitted these objections, informing the Court that Petitioner remained in custody—more than two months after the Government's declaration that removal was imminent and more than eighteen months after Petitioner was first taken into custody—yet the Government neither updated Petitioner nor the Court regarding the additional delay. (Dkt. No. 18 at 1-2.) The Government now informs the Court that Petitioner was removed on August 5, 2019, three days after his objections were filed. (Dkt. No. 19 at 2.)

Although Petitioner's lengthy detention was almost certainly unconstitutional, and the Government failed to uphold its responsibilities to Petitioner and the Court when it did not provide any updates or additional information during the lengthy delay that followed the Government's declaration that removal was imminent, the Government is correct that because Petitioner's "habeas claims challenged only the length of his detention, as distinguished from the lawfulness of the deportation order, his grievance [can] no longer be remedied [since] he was deported [and] [h]is petition [i]s thus rendered moot by his removal." Abdala v. INS, 488 F.3d 1061, 1064 (9th Cir. 2007).

Accordingly, the Court finds and ORDERS:

(1) The Court ADOPTS the Report and Recommendation;

(2) The Government's motion to dismiss (Dkt. 8) is GRANTED;

(3) Petitioner's habeas petition is DENIED, and this action is DISMISSED with prejudice.

//

//

The clerk is ordered to provide copies of this order to Judge Theiler and all counsel.

Dated September 4, 2019.

Marsha J. Pechman
United States District Judge